# IN THE SUPREME COURT OF THE STATE OF NEVADA

DARRELL CLARK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 83303

FILED

JUN 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery, coercion, carrying a concealed weapon, prohibited person in possession of a firearm, two counts of burglary of a business, two counts of fraudulent use of a credit or debit card, four counts of theft, five counts of conspiracy to commit burglary, five counts of conspiracy to commit larceny, five counts of residential burglary, and five counts of invasion of the home.[1]  Eighth Judicial District Court, Clark County; Michael Villani, Judge.

A jury found appellant Darrell Clark and a codefendant guilty of perpetrating a series of burglaries that involved Clark and the codefendant prying open hotel room doors while the guests were away and stealing various items, including electronics and credit cards. Clark argues that the State did not present sufficient evidence to support the jury's finding of guilt for offenses related to the June 15, 2020, burglary. Clark contends that the State did not prove he committed the June 15 offenses because the physical evidence inculpated the codefendant and the victim only identified him with 50 percent certainty from a photo lineup. When

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

22-19202

reviewing the sufficiency of the evidence supporting a criminal conviction, we consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).

Here, the victim testified that when she returned to her hotel room, she discovered her key card did not work and heard voices coming from inside the room. While the victim called hotel staff on her cellphone, a male and female exited the room. The male pushed her against the wall, grabbed her by the throat, and took her cellphone before fleeing to the elevator. When the victim entered her room, she discovered that several personal items were missing. The victim identified Clark as the male perpetrator from a photo lineup with 50 percent certainty, and she identified Clark during trial as the man who held her by the throat and took her cellphone.[2] Law enforcement found the room's door had been forced open and discovered the codefendant's DNA at the scene. Regarding the other burglaries in the series, the State presented strong evidence connecting Clark and the codefendant as coconspirators, including surveillance video and phone records. Moreover, several stolen items from the different burglaries were found in the possession of Clark and the codefendant, including a credit card from the June 15 burglary.

An in-court identification must be evaluated for credibility by the jury. *See Steese v. State*, 114 Nev. 479, 498, 960 P.2d 321, 333 (1998). Clark had the opportunity to cross-examine the victim about her initial

---

[2]The victim testified that she initially did not look closely at the photo lineup but ultimately recognized Clark's facial structure.

uncertainty in making the photo lineup identification. Thus, any questions about the victim's credibility were duly left for the jury to resolve. And we "must respect the exclusive province of the fact finder to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United States v. Hubbard*, 96 F.3d 1223, 1226 (9th Cir. 1996); *see also Rose v. State*, 123 Nev. 194, 202-03, 163 P.3d 408, 414 (2007) (providing that this court will not reweigh the evidence or substitute its judgment for that of the jury). Considering the totality of the evidence, a rational juror could find that Clark conspired with the codefendant and burgled the victim's hotel room and robbed and coerced the victim. Therefore, we conclude that sufficient evidence supports the jury's verdicts for the seven challenged convictions. *See* NRS 199.480; NRS 200.380(1); NRS 205.060(1); NRS 205.067(1); NRS 205.0832(1); NRS 205.220(1); NRS 207.190(1). Accordingly, we

ORDER the judgment of conviction AFFIRMED.[3]

_____, C.J.
Parraguirre

_____, J.          _____, Sr.J.
Pickering                             Gibbons

cc:   Hon. Michael Villani, District Judge
Law Offices of Carl E.G. Arnold
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A